IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
OCT 1 1 2012
CLERK, US DISTRICT COURT
NORFOLK, VA

LISA MCCOY,
    Plaintiff,

v.                                                                                                                                       Civil No. 2:12cv415

DELHAIZE AMERICA, INC.,
*trading as* BOTTOM DOLLAR FOOD,
    Defendant.

## OPINION AND ORDER

This matter is presently before the Court upon plaintiff Lisa McCoy's Motion for Voluntary Dismissal of her complaint in accordance with Rule 41 of the Federal Rules of Civil Procedure. ECF No. 7. In response, defendant Delhaize America, Inc., has filed a brief in opposition to the motion. ECF No. 9. For the reasons set forth herein, the Court **GRANTS** the plaintiff's motion and **DISMISSES** the case without prejudice, subject to certain conditions set forth herein.

### I. BACKGROUND

The plaintiff filed her complaint in this matter in the Circuit Court of Norfolk, Virginia on July 6, 2012, and also issued written discovery to the defendant on the same day. The defendant is a North Carolina corporation that owns and operates Food Lion brand stores, including the subject Bottom Dollar Food store located in Norfolk, Virginia. Mem. in Opp'n ¶ 1. The plaintiff, a resident of Virginia, alleges in her complaint that she purchased spoiled crab salad from Bottom Dollar on or about November 3, 2011, and that upon consumption of the salad, she became ill because the salad was sold beyond the expiration date. Compl. ¶¶ 1, 3. She alleges that the defendant negligently allowed the crab salad to expire and become unfit for human consumption, and that the defendant breached its warranty by selling a food item with defects and that was not safe for human

consumption. Id. ¶¶ 6-10. As a result of her illness, the plaintiff alleges that she suffered great mental anguish and incurred medical bills and expenses. Id. ¶ 10. She seeks compensatory damages of $100,000 plus costs. Id. at 3.

On July 25, 2012, the defendant filed an answer to the complaint in state court. On July 27, 2012, the defendant timely removed this matter to this Court pursuant to 28 U.S.C. § 1441, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. That same day, the Court entered a Rule 26(f) Pretrial Order, scheduling an initial pretrial conference and permitting the parties to initiate discovery.[1]

Five days later, on August 2, 2012, the plaintiff filed the instant motion, but she did not file a brief in support. See Local Civ. R. 7(F) ("All motions . . . shall be accompanied by a written brief setting forth a concise statements of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies."). On August 13, 2012, the defendant filed its brief in opposition. The plaintiff has not filed a rebuttal brief. The motion is now ripe for decision on the papers. See Local Civ. R. 7(J).

## II. ANALYSIS

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order only by filing a notice of dismissal before an answer or a motion for summary judgment has been served by the opposing party, or by stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1). In this case, the defendant has filed an answer and it has not signed a stipulation of dismissal.

When voluntary dismissal under Rule 41(a)(1) is not available, voluntary dismissal is still available to the plaintiff under Rule 41(a)(2), which provides that, "[e]xcept as provided in Rule

---

[1] The initial pretrial conference was subsequently deferred in light of the plaintiff's motion for voluntary dismissal.

2

41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "Typically, such a motion is granted unless there is 'substantial prejudice' or 'plain legal prejudice' to the defendant." Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998). In considering a motion for voluntary dismissal, the Court "must focus primarily on protecting the interests of the defendant." Davis, 819 F.2d at 1273.

The Fourth Circuit has identified four general factors that should be considered in deciding a Rule 41(a)(2) motion:

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending.

Teck, 28 F. Supp. 2d at 991 (quoting Gross v. Spies, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. 1998) (unpublished per curiam table decision)). The Court may also consider any additional factors it finds relevant under the particular circumstances of this specific case. Teck, 28 F. Supp. 2d at 991 n.5 (citing Gross). "Neither the mere prospect of a second lawsuit, nor the possibility that plaintiff will gain a tactical advantage, such as that which would be gained by refiling in state court, are sufficient prejudice to deny a motion for voluntary dismissal." Teck, 28 F. Supp. 2d at 991 (citing Gross, 1998 WL 8006, at *5, and Davis, 819 F.2d at 1275).

First, the Court notes that the plaintiff has provided no explanation whatsoever of the need for a dismissal. Her one-sentence motion simply requests voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, without setting forth any reasons in support of her motion. Despite the requirements of Local Civil Rule 7(F), she did not file a brief in support, nor did she

3

avail herself of the opportunity to file a brief in rebuttal to the defendant's opposition brief. This factor weighs against the plaintiff.

But the remaining factors identified by circuit precedent weigh in favor of granting the plaintiff's motion for voluntary dismissal. The plaintiff filed her motion for a voluntary dismissal a mere five days after the case was removed to federal court. In doing so, she has acted diligently and without excessive delay. See Teck, 28 F. Supp.2d at 992 ("[C]ounsel should have promptly moved for a non-prejudicial dismissal soon after the case was removed."). Other than preparing and filing removal papers and a perfunctory, four-page brief in opposition to the plaintiff's motion for voluntary dismissal, the defendant has identified no particular effort or expense incurred in connection with this action. This case is at the very earliest stages of litigation—little or no discovery has taken place, and there are no motions for summary judgment pending. Indeed, other than the instant motion, the docket reflects little litigation activity in this case at all.

The defendant objects that permitting the plaintiff to voluntarily dismiss this action will allow her to re-file in state court with a demand for damages below $75,000, thus avoiding federal diversity jurisdiction. See 28 U.S.C. § 1332(a). But the mere prospect that federal diversity jurisdiction might be avoided in a second lawsuit is not sufficient basis for denying a motion for voluntary dismissal. See Davis, 819 F.2d at 1275; Hunter v. Surgitek/Med. Eng'g Corp., No. S92-56M, 1992 U.S. Dist. LEXIS 9696, at *4-*5 (N.D. Ind. May 29, 1992) ("Dismissals without prejudice are granted in removed actions so that a plaintiff may proceed with the litigation in a state court, even if the intention or result is to defeat federal diversity jurisdiction."). "[I]n cases involving the scope of state law, courts should readily approve of dismissal when a plaintiff wishes to pursue a claim in state court." Davis, 819 F.2d at 1275.

The defendant further objects that litigating the plaintiff's claims in state court would cause prejudice to the defendant because litigants in Virginia circuit court are not permitted to rely on deposition testimony in moving for summary judgment, see Va. Sup. Ct. R. 3:20, and discovery is generally not permitted at all in Virginia general district court, see Capital Tours & Transp., Inc. v. Va. Dep't of Motor Vehicles, 41 Va. Cir. 285, 288 (1997).[2] The defendant also notes that, in its own experience, jury verdicts in Virginia circuit courts, especially in Norfolk, tend to be more plaintiff-friendly than in federal court. But the possibility that the plaintiff might gain a tactical advantage over the defendant in future litigation likewise is not sufficient basis for denying a motion for voluntary dismissal. See Davis, 819 F.2d at 1275; cf. Dobbs v. JBC of Norfolk, VA, Inc., 544 F. Supp. 2d 496, 501 n.13 (E.D. Va. 2008) (defendant not unduly prejudiced by inability to use two discovery depositions to support a renewed motion for summary judgment on remand to state court).

As noted above, beyond the interrogatories served by the plaintiff while this case was still in Virginia circuit court, little or no discovery has been conducted in this case, and no depositions have been taken—at least none were noted by the defendant in its opposition brief. Any slight prejudice that might be caused to the defendant by dismissal of this action can be cured by imposition of conditions such as the payment by the plaintiff of any taxable costs incurred by the defendant in this action and the plaintiff's agreement to the use federal discovery materials in any subsequent state court proceedings. See Davis, 819 F.2d at 1276.

---

[2] The defendant suggests that the plaintiff might re-file her claims in Virginia general district court with a demand for damages of $25,000 or less to take advantage of the unavailability of discovery in Virginia general district court. The Virginia general district courts have exclusive jurisdiction over claims for damages of up to $4,500, and concurrent jurisdiction over claims for damages of up to $25,000. See generally Va. Code § 16.1-77(1).

## III. CONCLUSION

Based on the foregoing, the Court finds that granting the plaintiff's motion for voluntary dismissal of this action without prejudice would not cause substantial prejudice to the defendant. Therefore, the Court **GRANTS** the plaintiff's motion for voluntary dismissal and this action is **DISMISSED** without prejudice, subject to the following conditions: (1) the plaintiff shall pay any taxable costs incurred by the defendant in this action up until the date of this Order; (2) the plaintiff shall agree to the use of discovery materials from this case in any subsequent court proceedings related to these same claims; and (3) the plaintiff shall not at any time, in any court, request more than $75,000 in damages for this incident from this defendant, unless this plaintiff agrees that any such action be brought in federal court or be removable to federal court from a state court.

**If the plaintiff fails to satisfy these conditions, the dismissal shall be with prejudice.** See Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993) ("[A] district court must be explicit and clear in specifying that failure to meet its conditions will result in prejudicial dismissal . . . .").

The defendant is **DIRECTED** to file a bill of costs with the time period specified by Local Civil Rule 54(D).

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

October 10, 2012

Norfolk, Virginia

6